IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY GEAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1188 (MN) |
| ) | |
| FREEMASONS OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Gregory Gear, Wilmington, DE – Pro Se Plaintiff

January 5, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Gregory Gear ("Plaintiff") filed this action alleging personal injury and violations of all civil, human, and constitutional rights. (D.I. 2 at 4-5). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). This Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

Plaintiff alleges the Freemasons of America in Washington, D.C., Wilmington, Delaware, and Penns Grove, New Jersey committed wrongful actions from 2004 to August 2021 in Wilmington, Delaware, and Penns Grove, New Jersey. (D.I. 2 at 1-3). The list of alleged wrongful acts include, but are not limited to, terrorism, hate crimes, genocide, threats of rape and murder, kidnapping, hostage taking, abuse with body control implant devices, and violations of all civil, human, and constitutional rights. (*Id*. at 4-5). Plaintiff alleges a body control device was implanted in his body, connected to his brain and, through a transmitter, broadcast Plaintiff's inner voices, controlled his nervous system and all body movements, and his sex organs. (*Id.* at 8-11).

Plaintiff seeks compensatory damages and criminal prosecution of Defendants. (D.I. 2 at 5; D.I. 4).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515

F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. Fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.   DISCUSSION

While the Court construes *pro se* filings liberally, *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*. 429 U.S. 97, 104-05 (1976)), Plaintiff's Complaint states no recognizable causes of action. Plaintiff alleges violations of his constitutional rights. Defendants, however, are not state

3

or federal actors, an element necessary to state a civil rights action. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers).

In addition, the Court finds Plaintiff's claims of a body control device attached to his brain are fantastical and/or delusional claims without any support and are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are fanciful, "fantastic," and "delusional[.]"" *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). After thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims are frivolous. The Complaint will be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

**IV.     CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

An appropriate Order will be entered.